WILL LASTER v. STATE.

No. A-3946.   Opinion Filed April 21, 1923.

(214 Pac. 136.)

(Syllabus.)

**Homicide—Evidence Sufficient to Sustain Conviction of Manslaughter in First Degree—Instructions Approved.** Record examined, and held, evidence sufficient to sustain conviction, instructions fully cover law of the case, and that defendant was accorded a fair and impartial trial.

Appeal from District Court, Caddo County; Will Linn, Judge.

Will Laster was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Morgan & Osmond, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from a judgment of conviction against the plaintiff in error, Will Laster, hereinafter referred to as defendant, rendered in the district court of Caddo county on the 17th day of September, 1920, wherein the defendant was found guilty of manslaughter in the first degree for the killing of one Willie Williams on the 20th day of March, 1920, and sentenced to serve a term of 18 years' imprisonment in the state penitentiary.

The killing occurred in the town of Bridgeport just before dark on the evening of the 20th of March, 1920. The defendant and deceased were both negroes, and lived in adjoining blocks in that town. The undisputed evidence is that there had been no previous trouble between the defendant and the deceased, but according to the state's evidence defendant was mad at another negro named Lewis who happened to be in company with the deceased at the time of the killing. The cause of the enmity of the defendant against Lewis was

that Lewis had previously killed a dog belonging to the defendant. Defendant was armed with a Winchester rifle which he had borrowed a short time before the killing, claiming at the time he borrowed the rifle that a negro from Watonga had robbed him of $500, and that the negro was going to leave town that night, and that he (defendant) intended to catch him at the depot and take the money away from him. After the defendant had accused Lewis of killing his dog, and had shot at Lewis once, the deceased interceded and begged the defendant not to kill Lewis that he was not doing anything to defendant, whereupon the defendant turned upon the deceased and commenced shooting at him. The deceased was shot three times, and later died of the wounds inflicted. After the defendant had fired two or three shots at the deceased the deceased drew his pistol and shot and wounded the defendant in the shoulder. The defendant did not testify in his own behalf.

The defense interposed was that of insanity. There is considerable evidence in the record that defendant was subject to attacks of epilepsy both prior to and subsequent to the commission of the crime. There is evidence also that epilepsy, when continued for a long period of time, sometimes results in mental derangement, but that it more often results in death. There is practically no evidence in the record in this case that defendant was insane within the meaning of the statutes of this state at the time of the commission of the offense.

The trial judge was very liberal in his instructions to the jury. The jurors were instructed that, if they believed the defendant was insane at the time of the commission of the crime, or if they had a reasonable doubt thereof, they should acquit. Furthermore the jurors were also instructed that, if they had a reasonable doubt of the defendant's sanity

at the time of the trial, they should acquit. These instructions were more favorable to the defendant than the evidence warranted. The jurors were also instructed on the law of self-defense, and the defendant given the benefit of that defense upon the theory, we presume, that there was some evidence introduced by the state which tended to show that the defendant may have been justified in killing the deceased. The evidence on this issue was indeed very slight. An examination of the entire record discloses that the evidence was amply sufficient to support the verdict and judgment, that the instructions fully covered the law of the case in a manner more favorable to the defendant than the evidence warranted, and that defendant was accorded a fair and impartial trial. Finding no error in the record, judgment is affirmed.

DOYLE and BESSEY, JJ., concur.